IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:18-cr-00576AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| RAFAEL CEBALLOS JR., | |
| Defendant. | |

AIKEN, District Judge:

      Before the Court is the parties Joint Motion for Resentencing Under 28 U.S.C. § 2255 (doc. 97). Under 28 U.S.C. § 2255, a court may vacate, set aside, or correct a federal sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Page 1 – OPINION AND ORDER

28 U.S.C. § 2255(a). On June 21, 2021, the Court sentenced defendant Rafael Ceballos Jr. to 60 months' imprisonment for conspiring to possess with the intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846. Doc. 96. The sentence was based on representations from the Presentencing Report, the Government, and defense counsel that defendant's conviction triggered a mandatory minimum sentence of five years' imprisonment, 21 U.S.C. § 841(b)(1)(B)(viii) and that defendant was not eligible for a sentence below that minimum pursuant to the "safety valve" in 18 U.S.C. § 3553(f) because of his prior state drug trafficking conviction.

The parties assert that, under the Ninth Circuit's recent holding in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), the 5-year mandatory minimum may not apply. The safety valve allows a district court to sentence a criminal defendant below a mandatory-minimum sentence for certain drug offenses, including those in 21 U.S.C. §§ 841 and 846, if a defendant meets the criteria outlined in §3553(f)(1) through (f)(5). 18 U.S.C. § 3553(f). Section 3553(f)(1) outlines three sub-criteria that bar safety valve relief. As amended by the First Step Act, a defendant meets the § 3553(f)(1) criterion if:

(1) the defendant does *not* have—

    (A) more than 4 criminal history points excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

    (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

>    (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphases added). In *Lopez*, the Ninth Circuit held that the "and" in § 3553(f)(1) "is unambiguously conjunctive[,]" meaning a defendant's criminal history points must meet the criteria in all three subsections "before § 3553(f)(1) bars him or her from safety-valve relief." *Lopez*, 998 F.3d at 443–44, 437.

Here, defendant had four criminal history points: one from a state conviction for fleeing a police officer and three from a state conviction for delivery of methamphetamine. Thus, defendant's criminal history points meet the criteria in subsection (B) ("prior 3-point offense"), but not (A) ("more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense") or (C) ("prior 2-point violent offense"). Thus, defendant satisfies § 3553(f)(1)'s requirements. The Government concedes that defendant also meets the other criteria for safety valve relief under § 3553(f). Accordingly, the Court finds that *Lopez* does apply here, agrees with the parties that resentencing is warranted, and GRANTS the Motion (doc. 97). The Court will contact the parties to schedule a resentencing hearing.

IT IS SO ORDERED.

Dated this  21st  day of July 2021.

       /s/Ann Aiken
       Ann Aiken
       United States District Judge